UNITED STATES of America,

v.

Todd TYKARSKY, a/k/a Toddty63, a/k/a Golpher12345, Appellant.

No. 06–3663.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Sept. 12, 2008.

Filed: Oct. 8, 2008.

Anne W. Chain, Office of United States Attorney, Philadelphia, PA, for Appellee.

Theodore Simon, Philadelphia, PA, for Appellant.

Before: SLOVITER, FUENTES and ALDISERT, Circuit Judges.

OPINION

ALDISERT, Circuit Judge.

Appellant Todd Tykarsky challenges his convictions in the United States District Court for the Eastern District of Pennsylvania for actual or attempted persuasion of a minor to engage in illicit sexual activity, in violation of 18 U.S.C. § 2422(b), and traveling for the purpose of engaging in illicit sexual activity, in violation of 18 U.S.C. § 2423(b). Tykarsky's challenges to his convictions were raised in a previous appeal to this Court. *See United States v. Tykarsky*, 446 F.3d 458 (3d Cir.2006). There, we joined several of our sister courts of appeals in holding that the involvement of an actual minor, as distinguished from an adult government decoy, is not a prerequisite for conviction under § 2422(b) or § 2423(b). We upheld Tykarsky's conviction but remanded for re-sentencing. After his re-sentencing, Tykarsky filed this appeal, raising previously adjudicated issues to preserve them for review by the Supreme Court.[1]

We do not reconsider previously addressed issues concerning convictions after limited remand for re-sentencing. In *United States v. Kikumura*, 947 F.2d 72 (3d Cir.1991), we held,

> [A defendant] cannot continue to litigate questions already decided by this Court in a prior proceeding.... Indeed, under the law of the case doctrine, when a court "decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."

*Id.* at 77 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

The judgment of the District Court will therefore be affirmed.

---

1. Tykarsky claims that (1) "[t]he government's evidence was insufficient," (2) his rights under the "Fifth and Sixth Amendments were violated where the Indictment as drafted failed to properly charge the offenses and resulted in an improper constructive amendment and prejudicial variance," and (3) "[t]he Indictment and each count are unconstitutional as drafted and as applied and in violation of the commerce clause and interstate travel provisions of the United States Constitution." Appellant's Br. at 20.